```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                    3:06CV250-MU-02
```

```
STEVE MORRISON,            )
     Petitioner,           )
                           )
     v.                    )           ORDER
                           )
STATE OF NORTH CAROLINA,   )
     Respondent.           )
_____)
```

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed June 15 and amended June 23, 2006. For the reasons stated herein, the petitioner's Petition will be denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the record of this matter, including the documents submitted by the petitioner, the petitioner was charged with three counts of trafficking in drugs, two counts of possession with intent to sell or deliver a controlled substance, two counts of delivery of a controlled substance, two counts of sale of a controlled substance, and attaining the status of an Habitual Felon in the Superior Court of Mecklenburg County. After a jury trial, on February 11, 2004 the petitioner was convicted of all charges. The trial Court then held a Sentencing Hearing in this matter on February 12, 2004.

At sentencing, the trial Court arrested judgment on the two delivery convictions and on one trafficking conviction, and then the Court consolidated the remaining convictions into three judgments. Ultimately, the trial Court sentenced the petitioner to three consecutive terms of 100 to 129 months, 90 to 117 months and 90 to 117 months imprisonment. Thereafter, the petitioner timely appealed his convictions to the North Carolina Court of Appeals.

On appeal, the petitioner's defense attorney filed a brief pursuant to Anders v. California, 286 U.S. 924 (1967, asking the appellate Court to examine the record for meritorious issues. See North Carolina v. Morrison, No. COA 04-798, slip op. at 1 (March 1, 2005). Not surprisingly, however, the appellate Court conducted its review and determined that there were no meritorious issues and, most importantly, that the petitioner had received "a fair trial, free from prejudicial error." Id. Accordingly, the petitioner's convictions and sentences were affirmed. Id. The petitioner did not pursue any further direct review of his case.

Rather, on September 25, 2005, the petitioner filed a Motion for Appropriate Relief (MAR hereafter) in the Superior Court of Mecklenburg County. In that Motion, the petitioner reportedly argued that his constitutional rights under the Fifth and Fourteenth Amendments were violated; that his Habitual Felon

2

determination was improper; that the trial Court should have granted his Motion to Dismiss on the grounds that the search warrant which was used to obtain drugs from him on an occasion was illegally obtained; and that the prosecutor was erroneously permitted to use certain information as Rule 404(b) evidence. Once again, however, the petitioner's challenges were rejected upon a finding that he had procedurally defaulted the claims which he was attempting to raise for the first time in that collateral proceeding.

Thereafter, the petitioner's Petition for a Writ of Certiorari was rejected by the North Carolina Court of Appeals. Consequently, after exhausting his State Court remedies, on June 15, 2006, the petitioner filed the instant federal <u>Habeas</u> Petition. By this Petition, the petitioner first argues that the trial Court violated his constitutional rights by admitting evidence of another crime pursuant to Rule 404(b), when he never was convicted of such other crime. Last, the petitioner argues that the trial court erred in admitting testimony concerning how an officer had obtained information to support his request for a search warrant without challenging the merit of such supporting evidence.

For its part, the Court has carefully reviewed the foregoing matters along with the relevant federal legal precedent, and has determined that the petitioner cannot prevail on the instant

3

claims.

## II. **ANALYSIS**

### 1. **Standard of review for habeas petitions**.

Generally speaking, the standard of review to be applied by the Court to <u>habeas</u> cases is "quite deferential to the rulings of the state court." <u>Burch v. Corcoran</u>, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the <u>Burch</u> Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. §2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . ."

<u>Id</u>. (internal citations omitted).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000), quoted in <u>Burch</u>.

An unreasonable application is different from an incorrect application of federal law, the former being the requisite show-

4

ing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

The applicable standard of review is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999).

### 2. **The petitioner's claims are barred due to his procedural default of them and his failure to establish an exception which would allow this Court to excuse his default**.

As has been noted, the petitioner did not raise the instant two claims in his direct appeal. Rather, the first time that the petitioner raised these matters was on State collateral review in his MAR. Therefore, the State MAR court determined that the petitioner had procedurally defaulted the instant claims during his State Court proceedings, and the MAR court refused to entertain the merits of the claims in accordance with North Carolina's mandatory post-conviction procedural bar statutes, N.C.G.S. §§15A-1419(a)(3) and (b). In sum, those provisions direct that a claim shall be denied when the defendant was in an adequate position to have raised such claim on direct appeal but failed to do so.

More critically, the Fourth Circuit Court of Appeals has

5

determined that North Carolina's procedural default rule is an adequate and independent state ground precluding federal habeas review.  See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999).  Thus, in light of the petitioner's procedural default of his claims in State court, he cannot now obtain federal review of those matters unless he is able to fit into one of two narrowly drawn exceptions which would allow the Court to excuse his default.  See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).  To put it another way, this court may review the petitioner's procedurally defaulted claims only if he can establish "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or if he can establish actual innocence for the underlying offenses.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).

This practice of federal court's rejecting procedurally defaulted claims ensures that habeas petitioners do not evade state procedural rules governing the review of criminal convictions.  See Lambrix v. Singletary, 520 U.S. 518, 523 (1997). In any event, to the extent that the petitioner even has attempted to have his procedural default excused, the so-called "cause and prejudice exception" is the only one to which that attempt arguably could relate.

To demonstrate "cause," a petitioner may show that the factual or legal basis for a claim "was not reasonably available"

6

at the time the first challenge was made. Mc Carver v. Lee, 221 F.3d 583, 591 (4th Cir. 2000). To establish corresponding prejudice, a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 592.

In light of the MAR court's treatment of his claims, the petitioner obviously was aware that procedural default would be an issue for him in this Court inasmuch as he now is asserting that the reason for his procedural failure is that the supporting "evidence could not have been discovered with due diligence" before the time that it actually was discovered. Notwithstanding his apparent sincerity, however, the petitioner simply is mistaken as to that assertion. Indeed, as is obvious from the record, the petitioner knew or should have known of the trial court's evidentiary rulings at the time that he prosecuted his direct appeal. Consequently, the petitioner's failure to timely raise his challenges to those matters cannot now be excused by his claim of a belated discovery of them.

Moreover, even if the petitioner had met the "cause" prong of this test, he still has not even attempted to show that he actually was prejudiced by the trial Court's two evidentiary rulings. Furthermore, the petitioner also has not shown under the alternative "actual innocence" test that this Court's failure

7

to consider his claims will result in a fundamental miscarriage of justice, i.e., that he actually, factually is innocent of the charges for which he has been convicted. Mackall v. Angelone, 131 F.,3d 442, 446 n.7 (4th Cir. 1997). In fact, the petitioner does not even ask the Court to assume his innocence for the mere sake of his arguments. Therefore, the petitioner has failed to show that his procedural default should be excused under either of the two limited exceptions.

Finally, it has not escaped this Court's attention that even if the petitioner's claims were not defaulted, he still would not be entitled to any relief on them. Indeed, it is equally well settled that federal habeas court's "do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." Burket v. Angelone, 208 F.3d 172, 186 (4th Cir. 2000). Here, the petitioner has failed to establish an erroneous evidentiary ruling, much more one which was "so extreme" that it denied him a fair trial. Thus, his claims do not entitle him to habeas relief in any event.

### III. CONCLUSION

The record here reflects that the petitioner has procedurally defaulted the two claims set forth in this Petition; and that he has failed to establish that such default should be excused. Consequently, this Court must **DISMISS** the petitioner's

8

Petition for his failure to state a claim upon which relief can be granted.  See 28 U.S.C. 1915A(b)(1).

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** for his failure to state a claim for relief.  28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: July 6, 2006

Graham C. Mullen
United States District Judge